UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AMANDA R. KELLER**<br><br>                             Plaintiff,<br><br>  -vs-<br><br>**FULTON, FRIEDMAN<br>& GULLACE, LLP,**<br><br>                            Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Keller brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Amanda R. Keller is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Fulton, Friedman & Gullace, LLP, (hereinafter "Fulton") is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8.  That Plaintiff Amanda R. Keller was alleged to have incurred and later defaulted on a personal debt to "MAURICES/World Financial."  This alleged debt will hereinafter be referred to as the "subject debt."

9.  That the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That on or about May 30, 2009, Plaintiff Amanda R. Keller received a letter from Defendant Fulton purporting that a debt in the amount of $1,071.66 was due and owing to Asset Acceptance, LLC, as "(assignee of MAURICES/World Financial)."  Said letter also provided notice of Plaintiff's right as a "consumer" to dispute the debt in writing within thirty (30) days after receiving the Defendant's notice.

11. That upon receipt and review of the aforesaid document, Plaintiff Keller disputed ownership for the alleged subject debt, by writing the same directly upon the Defendant's letter. Plaintiff's husband, Brent Keller, subsequently hand-delivered said dispute, with proper postage, to the Keller's local post-office for delivery to Defendant.

12. That in August of 2009, despite the fact that the aforementioned dispute was promptly made and mailed, Defendant Fulton nonetheless subsequently filed a lawsuit against Plaintiff Amanda R. Keller in Rochester City Court on Asset Acceptance's behalf without first providing validation and/or verification of Plaintiff's supposed liability for the subject debt.

13. That the Second Count of the Defendant's lower court complaint improperly alleged that "prior to the commencement of this action, statements of the claim were sent to [Amanda R. Keller] which [she] accepted and retained without objection."

14. That as a result of Defendant's failure and/or refusal to acknowledge the Plaintiff's written dispute, and Defendant's subsequent filing of the aforementioned lawsuit, Plaintiff Amanda R. Keller incurred the expense of retaining a law firm to represent her.

15. That subsequent investigation confirmed that Defendant Fulton had in fact attempted to collect the subject debt from the wrong person.  This revelation ultimately led to a dismissal of the lower court claims against Plaintiff Keller, with prejudice.

16. That Plaintiff Amanda R. Keller has long suffered from stress related migraines and panic attacks for which she undergoes monitoring by a neurologist. Additionally, Plaintiff treats her condition primarily by preventing stress, and partially by relieving stress with acupuncture treatments, rather than by taking medication. Defendant's unlawful and improper collection activity greatly increased Plaintiff's stress levels for several months, exacerbated her pre-existing condition, and thereby caused her to suffer from emotional distress.

17. As such, Plaintiff Amanda R. Keller now seeks to recover statutory and actual damages from Defendant for their violations of the federal Fair Debt Collection Practices Act.

## CAUSE OF ACTION

18. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

19. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. 1692e(2)(A) and 15 U.S.C. 1692e(10) by using false, deceptive and/or misleading representations/means in an attempt to collect on the alleged subject debt by representing to the lower court that Plaintiff Keller accepted and retained the Defendant's statement of claim "without objection," when she had in fact disputed the Defendant's statement of claim in writing immediately upon receipt of the same.

20. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. 1692f(1) by using unfair and/or unconscionable means in an attempt to collect the subject debt by filing suit against Plaintiff Keller despite being notified in writing that Plaintiff disputed the alleged debt.

21. Defendant violated 15 U.S.C. §1692g(b) by filing a lawsuit in Rochester City Court to attempt to recover a judgment against Plaintiff Keller despite being notified in writing that Plaintiff disputed liability for the alleged debt.

22. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Keller became very worried, upset and stressed, and incurred expenses for retaining an attorney that she otherwise would not have been required to incur had Defendant properly responded to her written dispute of the alleged debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Keller respectfully requests that this honorable Court enter judgment against the Defendant for:

a. Actual damages reflecting compensation for emotional distress suffered as well as out of pocket expenditures incurred in connection with retaining an attorney to defend the lower court lawsuit, pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

d. For any and all additional relief as this honorable Court may deem just and proper.


Date: December 8, 2009

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520